No. 8570.

McCLURE ET AL. v. McCLURE.

INTERROGATORIES. — Conflict of Answers with General Verdict. —Where there is a direct and irreconcilable conflict between the general verdict and the answers to interrogatories, the latter will prevail against the former.

SAME.— When Single Answer to Interrogatories will Prevail Against General Verdict.—Where interrogatories cover the whole case, and taken together sustain the general verdict, parties can not single out one of a series of answers and ask judgment upon that alone as against the general verdict, unless such answer is upon a vital point and distinct from and independent of other answers, and so in conflict with the general verdict as not to be reconcilable with it upon any reasonable hypothesis consistent with the issues.

INFANCY.— Contract.—Ratification.—Where a minor, in conjunction with a person of full age, retains possession of leased premises, under a contract therefor, ten months after attaining his majority, he thereby ratifies such contract.

SAME.— Wrongful Detention.—Infancy is not a defence to an action for the wrongful detention of property.

LANDLORD AND TENANT.— Notice to Quit.— Evidence.—In an action to recover the possession of real estate, where the evidence shows a tenancy for a time certain, no notice to quit is required.

From the Dearborn Circuit Court.

W. S. Holman and W. H. Bainbridge, for appellants.
O. B. Liddell, for appellee.

ELLIOTT, J.—The appellee recovered judgment against appellants for the possession of real estate and damages for its detention. Appellant Frank McClure asks a reversal as to himself upon two grounds, which we will consider in the order in which they are discussed by counsel.

One of these grounds is, that upon the answers to interrogatories he was entitled to a judgment, notwithstanding the general verdict against him and his co-appellant, and that the court did wrong in overruling his motion for judgment. It is only in cases where there is a direct and irreconcilable conflict between the general verdict and the answers to interrogatories that the latter will prevail against the former. There is no such conflict here. Upon the contrary, taking, as must be done, all the answers together, they lend strong and full support to the general verdict. Where interrogatories cover the whole case, and taken together sustain the general verdict, parties can not single out one of a series of answers, and ask judgment upon that alone. Of course, if the answer is upon a vital point, and is distinct from and independent of other answers, it would be otherwise, provided always, that the conflict between it and the general verdict can not be reconciled upon any reasonable hypothesis consistent with the issues.

Another ground relied upon, and which is presented by Frank McClure's motion for a new trial, is that he was not of age when the premises were leased to him and his co-appellant. The original lease was a written one, and was executed in January, 1877. The second was a verbal one, and was entered into in the spring of 1878. Upon the trial, which took place on the 30th day of December, 1879, the said appellant testified that he was "twenty-two years old last May," and this would make him of full age in May, 1878. He, in conjunction with his co-appellant, retained possession for at least ten months after this date, and thereby ratified the original contract. There was not only no disaffirmance, but there

were such acts as affirmatively indicated an intention to adopt the contract as it was originally executed. Infancy would not constitute a defence to the charge made in the complaint, that the appellant Frank McClure, in conjunction with his co-appellant, wrongfully detained possession of the demised premises from the appellee, and for such tortious detention, conceding the said appellant's infancy, the appellee was entitled to some damages, and we can not say, from the evidence, that the amount assessed by the jury was excessive.

Both the appellants joined in a motion for a new trial, and a reversal as to both is asked upon the ground that this motion was wrongly overruled. In support of this position it is urged that the evidence shows a tenancy from year to year, and that no notice to quit was ever properly given. We have carefully examined the evidence, and are satisfied that it clearly shows a tenancy for a time certain, and therefore no notice was required.

Judgment affirmed, at costs of appellants.