## CAMPBELL *v.* LINDSAY.

[No. 11,136. Filed January 26, 1922.]

INFANTS.—*Contracts.*—*Affirmation after Arriving at Legal Age.* —*Conduct.*—Where an infant gave a note executed by him in payment of the annual premium on a policy of life insurance, payable to his estate, and retained possession of the policy after reaching the age of twenty-one years, his conduct amounted to a ratification of the original contract so as to make him liable on the note.

From Boone Circuit Court; *Ira M. Sharp,* Special Judge.

Action by Clark L. Lindsay against Elza Campbell. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Edward G. Gullion,* for appellant.
*Rogers & Smith,* for appellee.

ENLOE, J.—This was an action upon a promissory note by appellee as indorsee against the appellant as the maker thereof.

These issues were formed by a complaint in one paragraph and answers, first, in general denial, and second, infancy, to which there was a reply in general denial.

A trial was had before the court which resulted in a finding and judgment in favor of appellee. There was a motion for a new trial, which was overruled, followed by this appeal. The error assigned is the action of the

court in overruling said motion. The only "point" presented by appellant in his brief is, "That the decision of the court is contrary to law," because not sustained by sufficient evidence.

The following facts appear upon this record without dispute. The appellant was born June 30, 1898, and on May 13, 1919, he made application for a policy of life insurance "payable to his estate," in the sum of $2,000. Within a day or so after signing said application he went to a physician and was examined by him, as a step in procuring said policy. A few days later a policy of life insurance was duly issued, as applied for, and forwarded by mail, by the issuing company to the appellant, who duly received the same. The first annual premium on said policy was paid by the note, which was herein sued upon. The appellant kept the said policy in his possession, after he received the same, and produced and offered the same in evidence upon the trial. The appellant is in a situation very similar to the young man, an infant, who enters into a rental agreement for the use of a piece of real estate, agreeing to pay a certain sum of money as rental therefor; he enters upon and takes possession of such land, and holds the possession and takes the benefits arising from the possession of said land, after he becomes of full age. This has been held to be a ratification of the original contract. *McClure* v. *McClure* (1881), 74 Ind. 108. So in this case the appellant kept the policy in his possession, and in a situation favorable to his estate to claim the benefits thereof, in case of his death. His conduct justified the court in finding that he had affirmed the original transaction.

The decision of the court is sustained by sufficient evidence, and is not contrary to law. Judgment affirmed.