STEVENSON and Another *v.* BRUCE.

A suit against a guardian upon a contract made by him touching his ward's estate, is personal against the guardian, and not against him in his fiduciary capacity.

Hence, he cannot, by resigning, cease to be a party to the suit and be made a witness.

A direction in the judgment in such a case that the levy be made of the effects of the ward, is error; but it will be deemed to be amended in the Supreme Court.

10b 397
135 203

APPEAL from the *Cass* Circuit Court.

*Per Curiam.*—*Thomas W. Stevenson,* and *John Green,* guardian of *Cosmo A. Stevenson,* a minor, leased to *Charles Bruce* a house and lot in *Logansport,* for five years, at 150 dollars a year. *Bruce* subleased the premises to another person, for four years and nine months, at 200 dollars a year.

*Thursday, June 17.*

*Stevenson* and *Green* refused to give possession to *Bruce,* or the sublessee. *Bruce* sued them for damages, and recovered 250 dollars. The Court rendered the judgment as against *Green,* to be levied of the effects of his ward, *Cosmo A. Stevenson.* Pending the suit, *Green* resigned his

May Term,
1858.

The Indian-
apolis, &c.,
Railr'd Co.
v.
Davis.

guardianship, and was offered as a witness for his co-defendant, but he was rejected.

A suit against a guardian upon a contract made by him touching his ward's estate, is personal against the guardian, and not against him in his fiduciary capacity. Hence, he could not, in this case, by resigning, cease to be a party to the suit. His rejection as a witness was, consequently, correct. It follows, also, that the direction in the judgment, to levy it of the ward's effects, is error. *Clark* v. *Casler*, 1 Ind. R. 243.

As to the damages, we cannot say, under the evidence, that they are excessive—perhaps they might have been a few dollars less, but we are not at liberty to interfere, for this reason, with the verdict.

The error in the form of rendering the judgment may be considered as amended in this Court.

The judgment is affirmed, with 1 per cent. damages and costs.

*D. D. Pratt* and *S. C. Taber*, for the appellants.