May Term, 1861.

STURGIS
v.
FAY.

APPEAL from the *Decatur* Circuit Court.

Friday, June 14.

*James Gavin* and *Oscar B. Hord*, for the appellant.

STURGIS *v.* FAY.

The State of *Indiana* has jurisdiction over all persons and all private property within her borders, and may subject both the one, and the other, to her judicial power; but she cannot thus subject either persons or property not within her jurisdiction.

May Term,
.1861.

STURGIS
v.
. FAY.

Where a copy of a summons regularly issued by the proper clerk, against a person who is a resident of this State, is left by the officer charged with the service of such summons at the then place of residence of such person, the service is not regarded as constructive, but actual.

"The usual or last place of residence," means the residence into which the person, still a resident of this State, has moved, in this State, last before the service of process.

Application to set aside a judgment, rendered at a former term, on the ground that the defendant was absent from the State when the copy of the summons was left at his residence, and had no actual notice of the pendency of the suit until after judgment. The affidavit did not show any meritorious defense, nor any excuse for not making the application at the same term at which the judgment was rendered.

*Held,* that the affidavit did not make a case that authorized the vacation of the judgment.

*Friday,*
*June* 14.

APPEAL from the *Allen* Circuit Court.

PERKINS, J.—At the *October* term, 1859, of the *Allen* Common Pleas, *Fay* commenced an action against *Sturgis* upon a promissory note. The writ in the cause was served by leaving a copy at the residence of *Sturgis*. There was judgment against him by default.

At the succeeding *January* term, *Sturgis* filed an affidavit showing that he was absent from the State when process was served, and was ignorant of the pendency of the suit till after judgment, and moved that the judgment be set aside. The affidavit did not allege that affiant had any merits in his application, nor show any excuse for not moving to set aside the default at the same term of the Court at which judgment was rendered.

The Court overruled the motion to set aside.

The counsel for appellant contends that the judgment should have been set aside, because it was a nullity. He insists that it was a judgment rendered upon constructive service of notice, and that 2 R. S. 1852, § 395, p. 126, applies to it. That section reads: "No personal judgment shall be rendered against a defendant constructively summoned, who has not appeared in the action."

What, then, is constructive service? The State of *Indiana* has jurisdiction over all persons and private property within her borders. She may subject both the one, and the other, to her

judicial power. But she can not thus subject either persons or property not within her jurisdiction. It sometimes happens that the person is within her jurisdiction, while his property is not; and, again, that the property is within her jurisdiction, while the person of the owner is not; and, again, that both the person and the property of the person are within, or without, her jurisdiction.

The State exercises her jurisdiction over property by seizing it through the officers of her Courts. See *Himely* v. *Rose*, 2 Cond. Rep. 28. She exercises her jurisdiction over persons by bringing them before her Courts, through the action of the officers of those Courts, or by notifying them to voluntarily appear. This notice she has not the absolute power to give, except within her own boundaries; and, in point of law, has no right to assume to give it beyond those limits as a ground of claiming the right of exercising jurisdiction. But to residents, or to persons actually within her jurisdictional limits, she has a right to give such notice by the officers of her Courts; and those Courts thus acquire a right to exercise jurisdiction over such persons, by rendering personal judgment against them. Persons thus notified are not regarded, in law, as constructively, but as actually, summoned to appear. Such notice is given, in legal effect, when a copy of a summons, regularly issued by the proper clerk, in a suit instituted against a person who is a resident of this State, is left by the officer charged with the service of such summons, at the then place of residence of such person. The usual or last place of residence, means the residence into which the person, still a resident of this State, has moved, in this State, last before the service of process. This requirement secures the service at the actual residence of the defendant, in this State, at the time of service. If the defendant has become a non-resident, service can not be made. As to other acts, also constituting, in law, such actual notice of suit, see § 35 of the Code of Practice, vol. 2, by G. & H., p. 60, and notes. See, also, *Conwell* v. *Atwood*, 2 Ind. 289. In these cases, the defendant is presumed to have received the notice served. The judgment in this case, then, having been rendered upon actual notice in law, given within the State,

May Term, 1861.

could only be vacated on a case made, bringing it within some of the statutory provisions giving relief in certain cases from judgments thus rendered. No such case is here presented. See *Robertson* v. *Bergen*, 10 Ind. 402; and *Woolley* v. *Woolley*, 12 Ind. 663.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*W. H. Coombs*, for the appellant.

*J. A. Fay*, for the appellee.