## ROOKER v. ROOKER, GUARDIAN.

GUARDIAN AND WARD.—*Husband and Wife.—Contract with Wife.—Abandonment of Wife by Husband.*—In an action against the guardian of a minor, to recover for the value of the services of the plaintiff in supporting the ward, under an alleged contract therefor with the ward's former guardian, the court found, that the guardian had means belonging to the ward sufficient to pay the plaintiff's claim; that such contract was made by the plaintiff with a former guardian, then the plaintiff's husband; that the husband had absconded, and the proper court, in the proper proceeding, had authorized her to sue for and collect all claims due her husband; and that certain services, of a certain value, had been rendered as alleged by the plaintiff under such contract.

*Held*, as a conclusion of law, that the plaintiff is entitled to recover.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson*, for appellant.

*T. J. Kane* and *T. P. Davis*, for appellee.

Howk, J.—In this action, the appellant sued the appellee, and, apparently, his four wards, the infant heirs of James J. Rooker, deceased, on an open account for boarding, washing, caring for and maintaining the four minors, in the years 1874 and 1875, at the request of their then guardian.

The appellee demurred to the appellant's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrer was overruled, and to this decision appellee excepted.

The appellee then answered in two paragraphs, in substance, as follows:

1. A general denial; and,

2. That the appellant, at the time of the alleged employment in her complaint mentioned, was, and ever since had been, the wife of the said Hiram Rooker, named in the complaint, the former guardian of said minors; and that the supposed hiring of the appellant consisted simply in said Hiram taking his said wards to his own house and supporting them there during the time mentioned in the complaint; and that the said Hiram then fled the country, taking with him and appropriating to his own use about two thousand five hundred dollars of the funds of his said wards.

The appellant replied, by a general denial, to the second paragraph of the appellee's answer.

The cause was tried by the court, without a jury, and, at the appellant's request, the court stated the facts found in writing and its conclusions of law thereon, as follows:

"1st. The court finds, that, in 1874 and 1875, one Hiram Rooker was the duly appointed and acting guardian of the infant defendants mentioned in the complaint, whose respective ages are now 8, 10, 12 and 14 years respectively, and who are each owners of several thousand dollars worth of personal property in their own right; that, at the date above mentioned, said Rooker,

who was the then guardian of said infant defendants and had charge of their property, brought them to the plaintiff's house, they being orphans, and requested her to board, care for and maintain them, and he would see that she was compensated for it out of their estate; that, in pursuance of said request, the plaintiff did so care for and maintain them for six and one-half months, in a proper and careful manner, which care and maintenance were at the time reasonably worth three dollars per week for each of said infant defendants.

"2d. That there was no other place more proper for them to reside at; that the plaintiff was at the time the wife of said Hiram Rooker.

"3d. That, about two weeks before said infant defendants were removed from the plaintiff's care and custody, said Hiram Rooker absconded the State, and his whereabouts have remained unknown ever since, leaving the plaintiff and her infant children with no means for their support; and the defendant, W. W. Rooker, was appointed, and is now the acting, guardian for his co-defendants, in the place of said Hiram, who was removed, and said W. W. Rooker now has charge of their said property, and told the plaintiff, before she brought this suit, he would pay her whatever the court would allow her.

"4th. That the plaintiff, at the February term, 1876, of this court, after proper proceedings had, obtained an order from this court, authorizing her to sue for, collect and reduce to her possession all outstanding accounts due said Hiram, her husband, amounting to about three hundred dollars in all, and to sell and dispose of about one hundred dollars worth of certain articles of personal property belonging to her said husband, for the support of herself and minor children, under the provisions of the statute for the relief and support of married women, when deserted by their husbands.

"5th. The court further finds, that, about three years ago, the plaintiff's father placed in the hands of said

Hiram Rooker the sum of two hundred and fifty dollars, to be by him delivered to the plaintiff.

"6th. That the plaintiff, at the commencement of this suit, had no means of her own, except what she obtained from her said husband's estate, under the proceedings above mentioned.

"And, as a conclusion of law from the foregoing facts, the court finds for the defendants, to which conclusion of law the plaintiff at the time excepts."

The court then rendered judgment on its finding, in favor of the appellee, for the costs of suit.

In this court, the appellant has assigned, as error, that the court below erred in its conclusion on the facts found; and the appellee has assigned, as a cross-error, that the court erred in overruling his demurrer to the appellant's complaint.

The appellee's counsel have failed, in their argument of this cause in this court, to point out any objection to the appellant's complaint, and we confess that we can find no objection thereto which could be reached by the appellee's demurrer, for the want of facts. It seems to us that the complaint was sufficient to withstand the appellee's demurrer.

In support of the conclusion of law drawn by the court from its special finding of facts, it is said by appellee's counsel, that the earnings of the appellant, as a married woman, belonged to her husband, and that, therefore, the appellant could not maintain an action for her earnings in her own name. If it be conceded, that this position of counsel is correct under ordinary circumstances, still, it seems to us, that, under the facts found by the court, its conclusion of law therefrom was erroneous, and can not be maintained. For the court found as facts, that the appellant had rendered services to the appellee's wards, under an agreement with their then guardian, that she should be compensated therefor out of the wards' estate; and that her services were necessary and valuable

to the wards. If the account for the appellant's services to the appellee's wards belonged legally to her husband, still, under the facts found by the court, the appellant was authorized to sue for, collect and reduce to her possession the amount of said account. From the facts found by the court, it is clear, we think, that the appellant's cause of action, stated in her complaint, was a just, legal and equitable claim against the estate of the appellee's wards; and we know of no legal reason why the court having jurisdiction of the estate of said wards, and of the person of the appellee as their guardian, should not have ordered and directed the appellee, as such guardian, to pay the appellant the amount found due on her said claim. It was the appellee's duty, under the statute, to pay the appellant's claim out of the estate of his wards, in his hands, and if he failed or refused to discharge such duty, the court should have compelled him to make such payment. 2 R. S. 1876, p. 589, sec. 9.

In our opinion, the court below erred in its conclusion of law.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to render judgment in favor of the appellant, for the amount found due her, to be paid by the appellee out of the estate of his wards in his hands.