No. 7829.

STUMPH, GUARDIAN, *v.* GŒPPER ET AL.

76  323
135  205

GUARDIAN AND WARD.—*Allowance.*—A guardian, against whom an allowance has been made, can not be compelled to pay it unless he has money of the ward with which the same may be paid.

SAME.—*Claim.—Pleading.—Complaint.—Judgment.*—In a suit against a guardian, for clothing furnished his ward, an averment in the complaint, that he has money belonging to his ward, with which to pay the claim, is immaterial, and a judgment upon such complaint will not conclude the guardian upon such question of fact.

From the Marion Circuit Court.

*C. S. Denny*, for appellant.

*M. G. McLain* and *J. P. Baker*, for appellees.

BEST, C.—On the 31st day of December, 1878, the appellees, doing business under the firm name of F. Gœpper & Co., filed their petition alleging that the estate of the appellant's ward was indebted to them in the sum of $44.15, for necessary clothing furnished a former guardian of said ward, and that the appellant had sufficient money in his hands, belonging to his ward, with which to pay them.

An answer in denial was filed on the 3d of January, 1879. The court, upon the trial, found that there was due the appellants upon such claim $48.15, and ordered the appellant to pay it.

On the 13th of February, 1879, the court, at the instance of the appellees, issued a citation against the appellant to appear on the 15th of February, 1879, and show cause, if any, why he had not paid their claim. On the return day the appellant moved the court to discharge him from the citation, and in support thereof filed his affidavit, stating, in substance, that the former guardian of his ward had converted to his own use his entire estate; that, after appellant's appointment, he had recovered a judgment against such former guardian for such estate; that an execution upon such judgment was then in the hands of the sheriff,

and that he was seeking to reach some real estate that he believes such guardian had fraudulently conveyed ; that he had no money, nor had he had any, belonging to said ward, since the judgment was rendered, and that, when he succeeds in collecting any, he will pay the judgment.

In opposition to this motion, the appellees, on the 26th day of February, 1879, filed the affidavit of Moses G. Mc-Lain, which, in substance, stated that the appellant was the sole bondsman of the former guardian of said ward, and was, in April, 1878, appointed to succeed him ; that on the 29th of May, 1878, he recovered a judgment for $1,593.85 against such former guardian, and on the 16th of August following caused an execution to issue thereon, which was subsequently returned *nulla bona;* that no further steps seem to have been taken in reference thereto, and that such former guardian was long before his removal, and ever since has been, utterly insolvent.

Upon this showing, the court, on the 1st day of March, 1879, made the following order : "It is therefore ordered by the court, that John B. Stumph, guardian of Charles Berrup, pay into court, on or before March 4th, 1879, for the use of F. Gœpper & Co., the sum of forty-eight dollars and fifteen cents ($48.15), with interest due thereon."

To this order the appellant objected, excepted and prayed an appeal, which was granted upon his filing a bond in the sum of one hundred dollars.

From this order the appellant appeals, and insists that the court erred in refusing to discharge him from the citation, in entering the order to pay the judgment by the 4th of March, and in requiring him to execute a bond to appeal.

It does not appear that the appellant was in custody upon the citation, and all that was meant, as we think, by the motion to discharge him was that his showing was sufficient. If so, the first and second assignments present the same question, which is, did the court err in making the order? Con-

·ceding that the court possesses the power to compel a guardian who has money belonging to his ward's estate, and who wrongfully refuses to apply it in payment of a judgment rendered against him as such guardian, it certainly can not compel him to pay such judgment when he has no money, belonging to such estate, with which to pay it. A guardian should be required to perform the duties of his trust, one of which is "to pay all just debts due from his ward," but the payment is to be made out of the estate of such ward in his hands, and not from his individual means.

The showing made upon the motion to be discharged from the citation established the fact beyond all controversy, that the appellant had no money belonging to his ward's estate, with which to pay the judgment. This, the appellees concede, as we understand them, but they insist, as it was averred in their complaint, that the appellant "had sufficient money in his hands, belonging to his ward, with which to pay them;" that the judgment concludes the appellant upon this question—in other words, the question is *res adjudicata.* This rule does not apply. It only applies to matters necessarily involved in the issues and which must be proved in order to uphold the judgment. Wells Res Adjudicata and Stare Decisis, secs. 225 and 607.

It does not apply to immaterial matters, though averred in the complaint. The suit· was to recover the value of ·clothing furnished, and it was immaterial whether the appellant had or did not have the money with which to pay for it.

Nor did the fact that the appellant was the sole bondsman ·of the former guardian justify the court in making the ·order. It is, perhaps, a sufficient reason why the appellant should no longer act as the guardian of his ward, but it could not possibly authorize the court to coerce the payment of the judgment in such summary manner.

The order was erroneous and should be reversed.

PER CURIAM.—It is therefore ordered upon the foregoing opinion, that the order of the court be, and it is hereby, in all things reversed, at the costs of the appellees, with instructions to dismiss the proceedings upon the citation.

Petition for a rehearing overruled.