No. 9218.

RAY, RECEIVER, *v.* McGINNIS, GUARDIAN, ET AL.

GUARDIAN AND WARD.—*Parties.*—In a suit upon a claim due from the defendant as guardian, the ward is neither a necessary nor a proper party.

SAME.—*Claim against Ward's Estate for Money Borrowed by Guardian to Remove Liens on Real Estate.*—Money loaned to a guardian who is authorized by the court to borrow the same for the purpose of removing liens from the land of his ward, and who uses it for such purpose, constitutes a claim against such ward's estate, and the person who loans it may recover it from such estate.

From the Marion Circuit Court.

*W. Wallace* and *L. Wallace,* for appellant.

*H. Dailey* and *W. N. Pickerill,* for appellees.

BEST, C.—The appellant, as receiver of the Indianapolis Savings Bank, brought this action against the appellees. In the second paragraph of the complaint, it was substantially averred that George F. McGinnis had been duly appointed the guardian of Lillie Galloway, and, on the 28th day of November, 1876, as such guardian, he made his report to the circuit court of said county, showing that his ward's estate was indebted in the sum of $939.62, and that $369.63 of such sum was due for taxes, tax sales and street improvements, which were liens upon real estate owned by his ward; that at the same time he filed his petition, showing that his ward had no means with which to pay said claims; that it was for the best interest of his ward's estate to borrow sufficient money with which to pay said claims, and to secure its payment by executing a mortgage upon lot one (1), in square eleven (11), in Indianapolis, Marion county, Indiana, then and now owned by said ward; that the court, being of opinion that it would benefit the estate of said ward to borrow the money, authorized and directed said McGinnis, as guardian, to borrow $400, for a period not exceeding five years, at not more than ten per cent. interest, and to secure its repayment by executing a mortgage upon said lot; that said McGinnis, after procuring said order, applied to the Savings Bank, a corporation existing by virtue of the laws of Indiana, for a loan of said sum, which sum said bank loaned him, and took from him a note for the same, payable one year from date, with interest at ten per cent. and five per cent. attorney's fees, and also a mortgage on lot one, copies of which are filed with the complaint, which note and mortgage were made by said guardian to secure said loan, and the money so obtained was applied by said guardian in payment of said claims, all of which greatly benefited the estate of said ward; that said note is due and unpaid, and that said guardian refuses to pay the

same; that, since the execution of said note, said bank has gone into liquidation, and this plaintiff has been duly appointed receiver, etc.; that said note and mortgage have duly come into his hands as a part of the assets of said bank. Prayer that the claim may be allowed against the estate of said ward and the guardian be directed to pay it out of the personal estate; that, if that can not be done, the guardian be ordered to file his petition for the sale of some of the real estate of the ward to pay the claim.

A demurrer by McGinnis as guardian, and by him personally, for the want of facts, was sustained to the complaint. A like demurrer by Lillie Galloway was also sustained, and final judgment rendered for the appellees.

These rulings present the only questions in the record.

The demurrer by Lillie Galloway was properly sustained, as she was neither a proper nor a necessary party. *Vogel* v. *Vogler*, 78 Ind. 353.

No personal judgment is sought against McGinnis, and for this reason the ruling upon his demurrer becomes immaterial.

The ruling upon the demurrer by McGinnis, as guardian, is the only question argued.

The appellee McGinnis insists that a guardian has no power to mortgage the real estate of his ward, and this is conceded by appellant. It is further insisted, that as the note is in the usual form, signed " Geo. F. McGinnis, guardian of Lillie Galloway," it does not bind the ward's estate, and in support of this position, the cases of *Hays* v. *Crutcher*, 54 Ind. 260, *Hayes* v. *Matthews*, 63 Ind. 412, and *Hayes* v. *Brubaker*, 65 Ind. 27, are relied upon. These cases seem to support the position taken.

The appellant, however, insists that notwithstanding the fact that the court may have had no authority to authorize the guardian to mortgage the real estate of his ward, yet the money furnished by the appellant, under the circumstances stated in the complaint, constitutes a claim against such ward's estate. Our statute does not expressly authorize a guardian, with or

without an order of court, to borrow money for the benefit of his ward's estate, and if such power is possessed, it is implied in order to enable him to discharge the duties imposed upon him by the statute.

Section 9 of "An act touching the relation of guardian and ward" is as follows: "It shall be the duty of every guardian of any minor: * * * * *Second.* To manage the estate for the best interest of his ward. * * *Fifth.* To pay all just debts due from such ward, out of the estate in his hands," etc.

Unless this statute confers the authority, it is not possessed. This statute imposes the duty upon the guardian to manage the estate for the best interest of his ward, and to pay all just debts of his ward out of her estate in his hands. The manner of discharging this duty depends largely, if not wholly, upon the condition of the estate. If it consists of money, the debts, if any, may be easily paid, and the estate managed without difficulty; if it consists of realty, it may or it may not be necessary to sell it in order to pay the debts. Whether it should be sold, depends upon circumstances. If it consists of productive real estate, the rents of which will, within a reasonable time, enable the guardian to extinguish the debts, a sale of the property at its full value to pay the debts might not be advisable; if it consists of unproductive real estate, that probably could not be sold without a great sacrifice, and the encumbrance can be carried at a reasonable rate of interest until such time as an advantageous sale can be made, or the encumbrance otherwise removed, it would seem that the duty imposed by the statute would authorize, if not require, the guardian to thus manage the estate. Otherwise, the very rules of law, adopted for the protection of such estates, would operate to destroy them, as the person appointed to manage them is powerless to do so, at the very time when management is most needed. Suppose the encumbrance had been a mortgage, drawing the highest rate of interest allowed by law, and the guardian, under the order of the court, had carried it by paying the interest from time to time, would it be contended

that such payments do not constitute proper charges against the ward's estate? If the guardian, instead of carrying the supposed encumbrance, had paid it under the order of the court, in order to protect the interests of his ward, would he not be allowed the amount so paid, with interest, as a charge against the ward's estate? We have no doubt of it, and we think that the appellant, having furnished the money at the instance of the guardian, under the order of the court, and the same having been applied in payment of the claims against the ward's estate, is entitled to recover the same from such estate.

For these reasons, we think the court erred in sustaining the demurrer of the guardian, and for this error the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed as to the guardian, McGinnis, at his costs, and affirmed as to Lillie Galloway, with instructions to overrule the demurrer of said guardian to second paragraph of the complaint.