Elson v. Spraker.

No. 12,039.

ELSON v. SPRAKER.

GUARDIAN AND WARD.—*Personal Liability of Guardian.—Taxes.—County Treasurer.—Contract.—Statute of Frauds.*—A guardian, E., whose ward's land was advertised for sale for taxes, requested S., the treasurer, to receipt such taxes as paid and hold the receipt for a short time, when he would get money from a sale of the land and pay the same. S. thereupon did as requested, and in his settlement with the auditor accounted for such taxes as paid. E. sold the land and settled with his ward without paying S.

*Held,* that E.'s promise is not within the statute of frauds, and that he is personally liable to S. for the amount of such taxes.

From the Howard Circuit Court.

*N. R. Linsday, J. W. Kern* and *B. F. Harness,* for appellant.
*J. C. Blacklidge, W. E. Blacklidge* and *B. C. H. Moon,* for appellee.

BEST, C.—This action was brought by the appellee to recover the sum of $53.56 paid by him, as is alleged, at the appellant's request, upon taxes due and delinquent upon the land of his ward.

Issue, trial, finding and judgment for the appellee. Motion for a new trial, on the ground that the finding was not sustained by the evidence, was overruled, and this ruling is assigned as error.

The evidence is in the record, and it shows that the appellee was treasurer of Howard county; that on the 12th day of February, 1881, there was due and delinquent upon the land of Belle Foster, the appellant's ward, taxes amounting to $53.56; that at that time the land was advertised for sale for said taxes, and the appellant, who was then negotiating a sale of the land, called upon the appellee and requested him to receipt the taxes as paid, and hold the receipt for a short time, saying that he expected the money within a few days from a sale of the land, and that he would then pay the taxes;

that the treasurer thereupon receipted the taxes as paid, held the receipt as requested, and accounted for these taxes as paid in his settlement with the county auditor; that the appellant sold the land, obtained the money, settled with his ward, and was discharged without paying the appellee.

These facts rendered the appellant clearly liable for the amount of these taxes. The arrangement made was equivalent to the advancement of so much money by the appellee to the appellant at his request, and this rendered him personally liable to repay the money thus advanced.

The fact that he was guardian, and the taxes were his ward's, are of no consequence, as the payment was made at his request and upon his promise to repay the money. In such case a guardian is personally liable. *Clark* v. *Casler*, 1 Ind. 244; *Stevenson* v. *Bruce*, 10 Ind. 397; *Lewis* v. *Edwards*, 44 Ind. 333.

The promise of appellant was not a promise to pay the debt of another, as is suggested, but was a promise to pay money advanced at his own request, and was, therefore, a promise to pay his own debt. Such promise is not within the statute of frauds. *Palmer* v. *Blain*, 55 Ind. 11.

The statutes which authorize a county treasurer to collect taxes for which he has by mistake accounted have no application to a case of this kind, and, therefore, they need not be more particularly noticed.

The motion for a new trial was properly overruled, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs, with ten per cent. damages.

Filed Feb. 25, 1885.