Filed Oct. 17, 1893.

———————◆———————

No. 16,282.

MILLER v. HART ET AL.

|       |     |
|-------|-----|
| 135   | 201 |
| 146   | 184 |
| 135   | 201 |
| 151   | 371 |
| 135   | 201 |
| 6158  | 651 |

UNSOUNDNESS OF MIND.—*Person of Unsound Mind.*—*Care for.*—*Compensation for Care.*—*Charge Against Ward's Estate.*—*Reasonableness of.*—*Question of Fact.*—Where the guardian of a person of unsound mind makes a contract with another for the boarding, clothing and caring for his ward, compensation for such services is a proper charge against the ward's estate, and the reasonableness of such a claim is a question for the court, after hearing and considering the evidence.

SAME.—*Appearance.*—*How Made.*—*Practice.*—In such a case, the ward can only appear in court by his guardian, and any papers filed in the name of the ward alone should be stricken out and disregarded.

From the Wayne Circuit Court.

*T. J. Study*, for appellant.

*R. A. Jackson*, for appellees.

HOWARD, J.—On the 8th day of July, 1857, in the Common Pleas Court of Wayne County, the appellee Samuel Hart was found to be a person of unsound mind and incapable of managing his own estate, and one Isaac Hart was duly appointed his guardian.

On the 3d day of April, 1863, said guardian resigned,

and on the 5th day of September, 1864, one John Hart was duly appointed guardian of said appellee. John Hart continued to serve as such guardian until September 16, 1889, when he died; and, on September 18, 1889, the appellee Alonzo Osborn was, by the Wayne Circuit Court, appointed guardian.

The first paragraph of the complaint states that from the 1st day of October, 1864, until the 18th day of September, 1884, the appellant kept, boarded, clothed, did the washing for and took care of the said Samuel Hart, at the special instance and request of the guardian of said Samuel Hart, with the understanding and agreement with said guardian that appellant should be paid and compensated for so doing, by said guardian, out of the estate of said Samuel Hart, in the hands of his guardian; that during said time, the said Samuel Hart had no home or place to live other than that furnished him by appellant; that said board, care and other services were reasonably worth four dollars per week, amounting to five thousand dollars, which is due and wholly unpaid; that the said Samuel Hart has an estate in the hands of said guardian, of the value of nine thousand dollars. Demanding judgment; that the amount due is a legal and valid claim against the estate of the appellee Samuel Hart, and that the appellee Alonzo Osborn, as guardian, be ordered to pay the same out of such estate.

The second paragraph of the complaint makes the same statement as to the unsoundness of mind of Samuel Hart, and the appointment of his several guardians, and avers that at no time since he has been under guardianship, has he had any home of his own; that he has been incapable of performing labor, and unable to earn his own living; and that in March, 1877, at the special instance and request of the said John Hart, then guardian, and

Miller *v*. Hart *et al*.

upon the express agreement of said guardian that appellant should be paid therefor, the appellant took the said Samuel Hart into his own house and furnished him all the necessaries of life from that time until the 18th day of September, 1889; and asking that the amount due be adjudged a valid claim against the estate of Samuel Hart, and that the guardian, Alonzo Osborn, be directed to pay the same out of the estate in his hands.

A demurrer was sustained to each paragraph of the complaint, and this ruling is the only error assigned in the appeal.

Section 2551, R. S. 1881, provides that "The same duties are required of and the same powers granted to guardians of persons of unsound mind as are required of and granted to guardians of minors, so far as the same may be applicable."

And, in section 2521, of the same statutes, it is provided that it shall be the duty of every guardian of any minor, amongst other things, "to pay all just debts due from such ward out of the estate in his hands."

The rule is, that a guardian is, in general, personally liable upon his contracts made in relation to his ward or his ward's estate. *Clark* v. *Casler, Admr.*, 1 Ind. 243, and notes; *Stevenson* v. *Bruce*, 10 Ind. 397; *Lewis, Guar.*, v. *Edwards*, 44 Ind. 333; *Elson* v. *Spraker*, 100 Ind. 374; *State, ex rel.*, v. *Fitch*, 113 Ind. 478; *Baker, Guar.*, v. *Groves*, 1 Ind. App. 522.

A plea of such personal liability, however, is one to be interposed in favor of the creditor or of the ward, rather than in favor of the guardian himself. The creditor, having contracted directly with the guardian, may look to him, personally, for the payment of his claim. It may likewise be insisted, in a proper case, in behalf of the ward, that the contracts of the guardian were not in the interests of the estate, and so the creditor may be

compelled to look solely to the guardian for the payment of his claim.

But, in this case, the question is not whether, under the facts stated in the complaint, the appellant might not have sought and obtained a personal judgment against John Hart, the guardian with whom he had entered into contract for the support of the ward, Samuel Hart. The question is, rather, whether, under such a state of facts as disclosed in the complaint, the appellant has a just claim against the estate of Samuel Hart, which should be paid by the appellee Alonzo Osborn, present guardian, out of the said estate in his hands.

It would seem that this question must be answered in the affirmative. The complaint shows the furnishing of necessaries to the ward, at the instance and request of the guardian, with promise of payment. In the first paragraph, it is averred that payment was to be made out of the estate of the ward; and, in the second paragraph, it is simply said that the agreement was that the appellant "should be paid therefor." If, without the order of court, without necessity, or against the interests of his ward, the guardian had attempted to contract debts against the ward's estate, we should have a different question before us. But the guardian's first duty was to take proper care of his ward, and furnish him a suitable home, food, clothing, and other necessaries; and the value of such supplies is a proper charge against the ward's estate. Whether the amount named in the first paragraph of the complaint is a reasonable and proper charge, is a question for the court, after hearing and considering the evidence.

A person of unsound mind, even without a guardian's contract, would be liable for such necessaries. *Fay* v. *Burditt*, 81 Ind. 433; *Copenrath* v. *Kienby*, 83 Ind. 18; *Woods* v. *Brown, Guar.*, 93 Ind. 164.

We think, therefore, that the suit was properly brought to subject the ward's estate to the payment of whatever sum the court should find due for necessaries furnished the ward in pursuance of the agreement made with his guardian; and, consequently, that the demurrer to the complaint, by the appellee Alonzo Osborn, guardian, should have been overruled. *Rooker* v. *Rooker, Guar.*, 60 Ind. 550; *Kinsey* v. *State, ex rel.*, 71 Ind. 32; *Stumph, Guar.*, v. *Goepper*, 76 Ind. 323; *Ray, Rec.*, v. *McGinnis, Guar.*, 81 Ind. 451; Schouler Domestic Relations (4th ed.), section 337.

The appellee Samuel Hart, being of unsound mind, could appear only by his guardian. The demurrer filed in his name should be stricken out, and the ruling thereon disregarded.

The judgment is reversed, with instructions to overrule the demurrer to the complaint, by the appellee Alonzo Osborn, and for further proceedings not inconsistent with this opinion.

Filed Oct. 7, 1893.