NATCHER *v.* CLARK, GUARDIAN.

[No. 18,685. Filed October 27, 1898.]

DIVORCE.—*Alimony.*—The judgment of the court in a divorce proceeding awarding alimony to the wife determines all property rights between the parties, and an action cannot be sustained by the husband to have credited on such judgment certain sums of money alleged to have been paid by him to her prior to the divorce proceeding.

From the Clinton Circuit Court. *Affirmed.*

*Guenther & Clark,* for appellant.

*H. C. Sheridan,* for appellee.

HOWARD, J.—In September or October, 1895, the appellant began negotiations with his wife, looking to the terms of a separation between them. It was finally agreed that he should pay her $2,000, and that she should not appear against him at the trial for divorce. In the succeeding November he sent her and her child by a former marriage to Pennsylvania. Appellant and his wife had been married for ten years, and the child was four years old at the time of the

marrriage. She had always been treated by him as his daughter. On March 16, 1896, a divorce was granted, on default made by the wife, alimony being allowed in the sum of $1,800. No action was taken as to the child. About two weeks thereafter the di-. vorced wife returned with her child from Pennsylvania, and a few days subsequently insanity proceedings were· instituted against her. On April 18, 1896, she was admitted into the asylum for the insane at Indianapolis. Testimony given at the inquest indicated that she had manifested symptoms of insanity as early as September, 1895. After the wife had been committed to the asylum, appellant sent his stepdaughter back to Pennsylvania, where she seems to have been placed in care of his mother, who lived there. On December 15, 1896, the appellee was appointed guardian of the estate of appellant's divorced wife, which estate consisted only of the judgment for alimony in her favor. On March 1, 1897, appellant instituted this action to have credited on the judgment for alimony certain sums alleged to have been paid by him, both before and after the divorce. The court found that fifty dollars only should be so credited, being a payment of that amount made by appellant to his wife, on April 8, 1896, after the divorce, and before the bringing of the insanity proceedings.

The contention of appellant is, that all moneys paid to his wife, or for her use, after the agreement for divorce, should, in equity and good conscience, be credited on the sum of $2,000 to be paid to her. It is admitted by him that, in awarding alimony in the sum of $1,800 only, the court allowed a credit of $200 for moneys paid by him to his wife before the date of the divorce. But he says that $171 besides should

have been so allowed, and evidence is adduced to show the payment of that amount to or for her before the divorce, in addition to the $200 allowed by the court.

We think, however, that the judgment of the court, in awarding alimony, must be held to have finally determined all property rights between the parties, up to the date of granting the divorce. This is not an action to set aside the judgment, but only to allow certain credits upon it; and we must conclude that the court, in entering its decree, took into account everything that ought to affect the amount allowed. The court was not required to be governed by any agreement made by the parties. Besides, with the additional light we now have on the enfeebled mental condition of this woman, and the circumstances under which she made the so-called agreement relied on, we should not be disposed to aid the appellant in diminishing the scant estate left her after her ten years' experience in wedlock. There is little grace in appellant's appeal for an equitable application upon the judgment of moneys given by him to his wife during a time while he was yet under legal obligation to provide for her support. As to amounts claimed by appellant to have been paid to his wife, or for her use and the use of his stepdaughter, during the time his wife was adjudged insane, there is, of course, no obligation against her whatever. In addition, appellant's own bill of particulars shows that the items were, to a large extent, for moneys paid for railroad fare, music, board, and a bicycle furnished the fourteen-year-old child that he says he had for ten years treated as his own daughter. Nothing in the decree of the court affected the filial relation which had for so long a time existed between them. Even when he sent her from his household, it was to his mother's in Pennsylvania. It seems like an afterthought to

charge against the insane mother's estate what were seemingly the free offerings of a father's good will towards a daughter. One should learn to be just before he is generous, particularly with another's money. It is true that contracts with insane persons for necessaries will be upheld (*Miller* v. *Hart*, 135 Ind. 201); but there is here no satisfactory evidence of any necessaries furnished appellant's wife. While she was in the asylum the State furnished all that she needed; and had appellant been anxious to transfer to her use a part of the money awarded her as alimony, he could have secured the earlier appointment of a guardian, who would, under direction of the court, have more carefully protected her rights,—as her present guardian is doing in defending her estate against this unconscionable action. If ever there was a case which showed that the prosecuting attorney should exercise his statutory duty in resisting an undefended petition for divorce, it was this one. The proceedings which resulted in the casting off of an unhappy wife, at a time when she was in the incipient stages of insanity, followed by this appeal to the equity side of the court to take from her a part of the allowance made for her support, are such as to arouse the indignation of all moral and fair-minded people. It was a righteous judgment of the court that refused to sanction this last proposed outrage. Judgment affirmed.