Farr, J.
Thomas Payne, the plaintiff in error, brought an action in the municipal court of the-city of Youngstown to recover from the defendant in error, Frank Rech, as guardian of his minor son, Leo Rech, for services claimed to have been rendered by said Payne, by agreement with said guardian, in connection with a suit for damages brought by the next friend of said minor for some personal injury claimed to have been sustained by-said minor in an accident on one of the numerous railroads, of said city of Youngstown. The petition in the court below alleges that Payne, by agreement with said guardian, assisted in the prosecution of said claim for damages in the way of making investigations, securing witnesses and *328 otherwise aiding in the successful conclusion of the litigation.
This cause was duly heard in the municipal court, and from its judgment an appeal was taken to the court of common pleas of Mahoning county, where a trial to a jury resulted in a verdict for plaintiff. A motion for a new trial was then made and sustained; application made and leave given to withdraw the answer, which was a general denial; and a demurrer filed to the petition, which was later sustained.
The plaintiff not desiring to plead further judgment was entered on the demurrer, and error is now prosecuted to this court, the parties here sustaining the same relation to each other as in the municipal court and the court of common pleas.
It will be observed that the issue raised here is whether a third person, contracting with a guardian of a minor, whereby services are rendered by such third person in behalf of the estate of such ward, can maintain an action against such guardian in his trust capacity, or whether suit can be maintained only against the guardian personally.
Judge Rockel, in his Ohio Probate Practice, Vol. 2, Sec. 1402, under the head of “Employment of attorneys, agents, etc.,” observes in part, as follows:
“The guardian likewise has a right to employ agents wherever necessary, but allowance for these matters, rests largely if not entirely in the discretion of the Probate Court.”
Judge Woerner, in his American Law of Guardianship, at page 185, pertinently observes as follows: “As a general proposition, guardians can *329 not by their contracts bind either the person or estate of their wards. Such contracts bind the guardians personally, and recovery thereon must be had in an action against them, not against the ward.” Citing Rollins v. Marsh, 128 Mass., 116, 118; Adams v. Jones, 8 Mo. App., 602; Dalton v. Jones, 51 Miss., 585, and Elson v. Spraker, 100 Ind., 374. And to the same effect the same author states the rule at pages 164, 272, 281 and 470. At page 192 he observes: “Actions on such contracts must be brought against the guardians personally, not against their wards.” Citing Forster v. Fuller, 6 Mass., 58; Stevenson v. Bruce, 10 Ind., 397; Tobin v. Addison, 2 Strobh. L., 3, and Hunt v. Maldonado, 89 Cal., 636. Likewise it is stated in 21 Cyc., at page 193: “Actions by Third Persons Against Guardian or Ward — Actions Against Guardian. According to the weight of authority a suit against a guardian on a contract touching his ward’s estate is personal against him, and he cannot be sued on such contract in his representative capacity so as to make the estate of the ward liable to be taken on execution.” And again, at page 115, it is likewise stated that a guardian cannot by his contract bind either the person or estate of his ward, even for the benefit of the ward, whether for support and maintenance or in the management of his estate, and that the guardian is personally and solely liable. And the text is supported by a large number of cases fr%m more than a score of states. The foregoing text is supported by 15 Am. & Eng. Ency. Law (2 ed.), page 77. The Indiana law relating to guardianships is very similar to that of Ohio, and the above-cited *330 case of Elson v. Spraker, 100 Ind., 374, is in full accord with the foregoing and cites the earlier cases of Lewis v. Edwards, 44 Ind., 333; Stevenson v. Bruce, 10 Ind., 397, and Clark v. Casler, 1 Ind., 244. To Massachusetts does Ohio owe her greatest debt for probate law and procedure, and the above-mentioned case of Rollins v. Marsh, 128 Mass., 116, is well in point in principle with the case at bar. There it is held: “A contract by a guardian for the support and care of his ward binds the guardian personally, and not the ward.”
The foregoing is supported in principle by 1 Elliott on Contracts, Sections 522 to 526, inclusive. The case of Hurd et al. v. W. & L. E. Ry. Co., 4 N. P., 404, is in point with the case at bar. In that case it was held that an action could not be maintained for attorney fees against the administrator of an estate, or the guardian of minor wards, heirs at law of such estate, for legal services rendered in behalf of such estate. The above doctrine was affirmed in Connell v. Brumback et al., 18 C. C., 502, the first proposition of the syllabus of which is as follows: “There is no cause of action that can be maintained against either of these representative parties, either the administratrix or the guardian, in their representative capacities.” It is well settled in this jurisdiction that a suit cannot be maintained against an executor or an administrator for services rendered by an attorney in behalf of such estate. Thomas, Admx., v. Moore, etc., 52 Ohio St., 200, 201, 205; 1 Rockel’s Ohio Probate Practice, Section 507; McBride & McBride v. Brucker, Admr., 5 C. C., 12, 3 C. D., 7; Mellen v. West, Admr., etc., 5 C. C., 89, 3 C. D., 46; *331 West, Admr., v. Dean, 15 C. C., 261, 8 C. D., 797; Lucht, Admr., v. Behrens, 28 Ohio St., 231, and In re McAlpin, 8 Dec., 654, 656.
It is urged in argument, however, that such action may be maintained under favor of paragraph 5 of Section 10933, General Code, which reads as follows:
“To pay all just debts due from such ward out of the estate in his hands, and collect all debts due to the ward; in case of doubtful debts, to compound them to appear for and defend, or cause to be defended, all suits against his ward.”
How less could a guardian’s duties be defined and still permit him to serve in a trust capacity for a minor, so frequently incapable of representing or understanding his own interests? The very nature of the relation between guardian and ward suggests the impropriety of permitting the guardian by contract to bind the ward’s estate in such manner as to render it liable to execution. The above section is not susceptible of such interpretation as to permit the maintenance of a suit against a guardian in his representative capacity.
The cases of Kingsbury v. Powers, 131 Ill., 182, 22 N. E. Rep., 479; Taylor v. Bemiss, 110 U. S., 42; In re Hynes, 105 N, Y., 560, 12 N. E. Rep., 60; Fillmore v. Wells, 10 Colo., 228, 15 Pac. Rep., 343; Smith v. Bean, 8 N. H., 15, and Mathes v. Bennett, Gdn., 21 N. H., 204, are cited by plaintiff in error as sustaining his right to recover from the guardian in his representative capacity, but a careful examination of said cases discloses that they pass only upon the right of a guardian to employ counsel or incur other expense in the interest of a ward’s *332 estate, that such services are a proper credit against such estate, and, in one instance, at least, that a court of equity would so decree. Said cases are correct in principle, but not in point with the case at bar. The reason for the rule that an action at law cannot be maintained against a guardian as such is obvious — there can be no contractual relation between a minor and another person; he cannot bind his estate, nor can it be directly obligated except through the medium of the probate court, created for the express purpose of safeguarding all such interests. To hold otherwise would be to destroy in part, at least, the rather delicate fabric of probate ' jurisprudence. Persons contracting with guardians, if not aware of the representative capacity, have the right of action against such guardian personally, and are no worse off when the truth is discovered. If fully advised, they must assume the risk which they voluntarily incur. The law of Ohio does not provide for the filing of a claim against the estate of a ward, but it was held in the case of Turner v. Flagg, 6 Ind. App., 563, 33 N. E. Rep., 1104, that where a person has a legal and equitable claim against the estate of an infant ward he may present his claim against the guardian in the probate court and secure an order for the payment of such amount as the court may deem proper. It was likewise so held in Appeal of Price, 116 Pa. St., 410, 9 Atl. Rep., 856. It is certain, however, that he may maintain an action against the guardian personally, or act through the medium of the guardian’s account in the probate court.
*333 There is no error in the holding of the court below, and it is therefore affirmed.

Judgment affirmed.

Pollock and Metcalfe, JJ., concur.