No.2,275.

GRANVILLE P. SWIFT, Jr. and WILLIAM T. SWIFT, Minors, and JANE E. SWIFT, Respondents. *v*. GRANVILLE P. SWIFT. Appellant.

Probate Court.—Jurisdiction of.—Guardian and Ward.—A Probate Court has no jurisdiction of a proceeding, to compel a guardian to advance out of the estate of his ward, the necessary sums for his support, or to refund money advanced by the guardian of the person of the ward, or others, for that purpose.

Appeal from the Probate Court of Solano County.

This was a proceeding on the petition of Mary Jane Swift, the mother and custodian of the persons of her minor children, William T. Swift and Granville P. Swift Jr., to the Probate Court of Solano County, praying for an order to compel Granville P. Swift, the guardian of the estate of said minors, to pay her certain sums of money expended by her, for the necessary board, lodging, clothing, and incidental expenses of the said minors.

On the hearing, it appeared in evidence and was admitted by defendant, that the account and demand presented by the petitioner was correct, and that the expenditures had been necessarily made on behalf of said minors. That said

minors owned, in their own right, property, which yielded and paid annually, two thousand dollars in United States gold coin. That defendant was the legally constituted guardian of the estate of said minors, and that he had received from their property, money sufficient to pay said demand.

Whereupon, defendant by his counsel, objected that the Probate Court had no authority or jurisdiction to entertain said petition and application, and moved that the same be dismissed, which motion was refused by the Court, and an order entered, directing the said Granville P. Swift, Sr., to pay to the petitioner, out of the estate of the said minors, the sum demanded as prayed for in said petition; from which order defendant appealed.

*Wells* and *Coghan*, for Appellants.

The Probate Court is a Court of limited jurisdiction, and therefore cannot take jurisdiction nor administer remedies, other than those given by, and in the manner prescribed by statute. (*Grimes Estate* v. *Morris*, 6 Cal. 123; *Haynes* v. *Meek*, 10 Cal. 110; *Downer* v. *Smith*, 24 Cal. 123.) The Probate Court has no jurisdiction, by statute or otherwise, to take cognizance of a disputed claim against a minor's estate, or the guardian thereof, for necessaries furnished such minors, and adjudicate upon its validity or invalidity. Act to provide for the appointment and prescribe the duties of guardians. (1. *Hittel's Digest*, section 3362; *Curtis* v. *Stillwell*, 32 Barb. 354; *Andrews* v. *Wallace*, 29 Barb. 350; *Tucker* v. *Tucker*, 4 Keyes, N. Y. 136; *Wilson* v. *Baptist Educational Society of New York*, 10 Barb. 308; *Magee* v. *Vedder*, 6 Barb. 352.) A claim against the estates of minors, when disputed, must be established by suit in a Court of law or equity, and thus become a recognized debt, before the Probate Court can take jurisdiction to compel its payment.

Act in relation to guardians—*supra*. (*Wilson* v. *Bap. Ed. Soc.*, *of N. Y.* supra; *Cole* v. *Eaton*, 8 Cushing, 587; *Conant* v. *Kendall*, 2, Pickering, 36.)

*J. M. Seawell* and *John Currey*, for Respondent.

CROCKETT, J., delivered the opinion of the Court, RHODES, C. J., and WALLACE, J., concurring:

The only question in this case is whether the Probate Court had jurisdiction of the proceeding from the final order in which this appeal is taken. The Act concerning guardian and ward does not, in terms, authorize the Probate Court to entertain a petition for an order to compel the guardian of the estate of a minor to refund moneys advanced, even by the guardian of the person of the minor, for his support and education. Nor does it, in terms, authorize an order, on the application of the minor himself, to compel the guardian to advance out of the estate of the minor the necessary sums for his support. I have sought in vain to find some provision in the statute which, by reasonable intendment, could be held to warrant such a proceeding. Section seventeen makes it the duty of the guardian to support and educate the ward out of the income and profits of his estate, if sufficient for that purpose; but no provision whatever appears to have been made to compel the performance of this duty, except by a suit on the guardian's bond, or by invoking the more efficient remedy to be found in removing the guardian and appointing a more faithful person to execute the trust. It is evidently *casus omissus* in the statute, that the Court is not authorized, on the application of the ward, to compel the guardian to perform his duty in this respect, or to refund the moneys which others have advanced for necessaries for the ward, because of the failure of the guardian to do his duty. But the Courts cannot supply omissions in the statute. I am, therefore, of opinion that the Probate Court had no jurisdiction of the proceedings, and could acquire none by reason of the fact that the allegations of the petition were admitted to be true. It had no jurisdiction to inquire whether they were true or otherwise, and the admission of the truth of the

facts alleged does not touch the question of the jurisdiction of the Court to grant the relief demanded.

Order reversed, and cause remanded with a direction to the Probate Court to dismiss the petition.