McNabb *v.* Clipp.

Filed Sept. 27, 1892.

---

No. 585.

## McNabb *v.* Clipp.

GUARDIAN AND WARD.—*Board of Infant.*—*Contract for by Mother Who is also Guardian.*—*Personal Liability of Mother.*—Where a mother, who is also guardian of her infant son, engages board for him, she becomes liable for the payment thereof personally and not as guardian.    Under our code there is no such thing as filing a claim against a guardianship or against the estate of a ward.

SAME.—*Original Undertaking.*—*Suretyship.*—*Married Woman.*—Such a contract for board is not a contract of suretyship, but an original undertaking, and a married woman may be bound thereby.    The fact that she stated that she would "stand good" for the board of her son would not imply a guaranty or suretyship.    One may "stand good" for a debt of his own or for goods which he may purchase for another, and yet be the original and only obligor.

McNabb v. Clipp.

PRACTICE.—*Judgment Non Obstante.*—There must be a direct and irreconcilable conflict between the general verdict and answers to interrogatories before the court will be warranted in sustaining a motion for a judgment *non obstante.*

From the Lawrence Circuit Court.

*J. Giles,* for appellant.

*N. Crooke* and *M. Owen,* for appellee.

REINHARD, C. J.—The appellee brought this action against the appellant on the following complaint:

"The State of Indiana, Lawrence County, ss:

"Lawrence Circuit Court, December term, 1890.

"Hamilton Clipp v. Sarah A. McNabb, guardian of H. Dale Browning, minor heir of Joseph W. Browning, deceased, and Hugh McNabb, her husband."

Plaintiff complains of said defendant, Sarah A. McNabb, and says that on the 12th day of February, 1879, said defendant became the guardian of the person and estate of H. Dale Browning, minor heir of Joseph W. Browning, deceased, and has continued in such capacity ever since; that as such guardian she has in her possession money of the estate of said ward amounting in all to the sum of three hundred dollars; that the said minor has no father, and that said defendant, and guardian, is his mother; that on the — day of October, 1888, said defendant, Sarah A. McNabb, as such guardian, agreed and contracted with the plaintiff to pay plaintiff for the board and lodging of said H. Dale Browning, the said ward of said guardian, and contracted with the plaintiff for the plaintiff to board and lodge said H. Dale Browning, he being also her son; that in pursuance and by virtue of the terms, agreements and premises of said contract, this plaintiff did furnish board and lodging to said ward and minor, which were and are of the value of two hundred and twenty dollars, which is more fully set forth in the account hereto attached and made part of this complaint, and for identification is marked "A;" that said

amount is due and wholly unpaid.  Plaintiff avers that said defendant, Sarah A. McNabb, is now the wife of Hugh Mc-Nabb, who is made a defendant herein.  Wherefore plaintiff demands judgment against said defendant, Sarah A. Mc-Nabb, individually, and for all other proper relief."

A bill of particulars accompanies the complaint.

The overruling of a demurrer to the complaint constitutes the first alleged error.

It may be said, in the first place, that if by the statements of the complaint any liability is shown it is a personal one, and not as guardian.  Under our code there is no such thing as filing a claim against a guardianship, or against the estate of a ward.  Hence the designation of the appellant as guardian must be treated as a mere *descriptio personæ*.  *Clark* v. *Casler*, 1 Ind. 243 ; *Lewis* v. *Edwards*, 44 Ind. 333 ; *Elson* v. *Spraker*, 100 Ind. 374.

The question arises, therefore, Do the facts pleaded disclose a personal liability on the part of the appellant?  The appellant's counsel contends that they do not, and assigns two reasons in support of such contention :

1.  That the complaint, upon its face, reveals the fact that the appellant was a married woman, and that the contract declared upon is one of suretyship or guaranty, into which she was incapable of entering, and that such contract is, therefore, void.

2.  That the contract is within the statute of frauds, and, being in parol, is void.

It does not appear from the complaint that the appellant was a married woman at the time the contract was entered into.  The averments respecting her coverture have reference solely to the present, that is, to the time of the commencement of the action.  But, treating the complaint as proceeding upon the theory that the appellant did occupy the relationship of a married woman at the time the contract was made, does it follow that she can escape liability ?

The contract, according to the averments of the complaint,

McNabb *v.* Clipp.

was entered into in the year 1888. In so far as it affects the marital rights of the appellant, therefore, it is governed by the law of 1881. Section 5115, *et seq.*, R. S. 1881.

By that law the several common law disabilities of married women, with certain well defined exceptions, were abolished. One of the exceptions is that a married woman can not become a surety, whether as endorser, guarantor, or in any other manner. Section 5119, *supra.*

It is contended by appellant's counsel that the facts averred make a case of suretyship or guaranty. But we are unable to come to such a conclusion. That the appellant was both the mother and guardian of Dale Browning does not necessarily make her a surety or guarantor for debts contracted for his benefit. Her obligation as parent requires her to support him during his infancy, and her duty as guardian demands that she shall do so to the extent of the means in her hands for that purpose. But if the appellant sustained neither of the above relations to Dale Browning, we know of no legal principle by which she is prevented from contracting for board and lodging or other articles to be furnished him. It is the same as where a person promises to pay for goods delivered by the seller to a third person. This is an original undertaking. *Kernodle* v. *Caldwell*, 46 Ind. 153; *Johnson* v. *Hoover*, 72 Ind. 395; *Wills* v. *Ross*, 77 Ind. 1; *Lance* v. *Pearce*, 101 Ind. 595.

What we have said also disposes of the second objection to the complaint, viz., that the contract declared upon is void under the statute of frauds. It is an original undertaking. See *Elson* v. *Spraker*, *supra.* We are of opinion, therefore, that the complaint states a good cause of action against the appellant, and that no error was committed in overruling the demurrer.

The appellant's motion for judgment, notwithstanding the general verdict, was overruled, and this ruling is assigned as error. Waiving the question whether this point is properly presented by the appellant, we are yet constrained to decide

it against her. There is nothing in the jury's answers to interrogatories that is inconsistent with the general verdict. The interrogatory and answer in which the appellant's counsel claims the inconsistency arises is as follows: "Did Sarah A. McNabb agree to stand good to the plaintiff for the board of her son, Dale Browning? A. Yes."

It is claimed that the expression "stand good" clearly implies a guaranty or suretyship. We do not so regard it. One may "stand good" for a debt of his own, or for goods which he may purchase for another, and yet be the original and only obligor. There must be a direct and irreconcilable conflict between the general verdict and answers to interrogatories before the court will be warranted in sustaining the motion for judgment *non obstante*. *McClure* v. *McClure*, 74 Ind. 108; *City of Greenfield* v. *State, ex rel.*, 113 Ind. 597; *Town of Poseyville* v. *Lewis*, 126 Ind. 80.

The answer to the interrogatory is quite consistent with the theory that the appellant incurred a personal indebtedness for the board and lodging of her child and ward.

We also doubt the materiality of the interrogatory under the issues tendered. There was no plea of coverture nor of the statute of frauds, and it is difficult to see how, without such issues, the question of suretyship or guaranty, or engaging to pay the debt of another, can be said to be material.

We have thus disposed of all the questions discussed and find no error.

Judgment affirmed.

Filed Sept. 30, 1892.