[S. F. No. 1878.   Department Two.—December 6, 1901.]

In the Matter of the Estate and Guardianship of WILLIAM BRESLIN, an Insane Person.   JOHN BRESLIN, Guardian, Appellant.   JOHN F. CARRERE, Secretary of State Commission of Lunacy, Respondent.

GUARDIAN AND WARD—DISPUTED CLAIM—ORDER TO PAY MONEY TO STATE HOSPITAL—JURISDICTION—REMEDY.—The superior court sitting in probate has no jurisdiction to settle a disputed claim against the guardian or the estate of a ward; and an order requiring the guardian of an insane ward to pay money out of the estate to the state hospital, for the care of the insane ward therein, is beyond the jurisdiction of the court.   The only remedy for the enforcement of said claim is by action.

ID.—APPEAL OF GUARDIAN—REVERSAL OF ORDER.—The guardian has a duty to protect the estate of the ward against an illegal or unjust claim, and may appeal from an illegal order of the superior court requiring him to pay out the money of the ward; and such illegal order will be reversed upon his appeal therefrom.

APPEAL from an order of the Superior Court of the City and County of San Francisco ordering the payment of money by the guardian of an insane person.   J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Lennon & Hawkins, for Appellant.

A. J. Hull, for Respondent.

McFARLAND, J.—This is an appeal by John Breslin, guardian of the above-named insane person, from an order of the superior court, sitting in probate, ordering and adjudging him to forthwith pay to the Napa state asylum the sum of $2,475.   The proceeding was instituted by petition of John F. Carrere, secretary of the state commission in lunacy, in which it is averred that the estate of the ward is indebted to the state of California for his care and treatment for a period not definitely stated, "in the sum of —— dollars."   The guardian appeared and objected to any further proceeding in the matter, on the ground that the court, sitting in probate, " had no jurisdiction to hear and determine the validity of

said claim against the estate," and that "the said claim having been disputed and rejected by the said guardian of said estate, the said court had no jurisdiction to hear and determine that controversy, except in a civil action commenced by the claimant or claimants against the guardian for that purpose." The objection was overruled, and appellant excepted. He also disputed the validity of the claim on several grounds; but the latter we need not consider, as, in our opinion, the objection to the jurisdiction should have been sustained.

The superior court sitting in probate has no jurisdiction to hear and determine a disputed claim against the guardian or the estate. It can settle a guardian's account, and can allow or reject any item of expenditure which he had deemed a proper charge and had paid; but when there is a claim against the estate which the guardian contests as invalid, the issue thus raised between the claimant and the guardian is the proper subject of a civil action, and can be legitimately brought before a court only by such action. There is no provision of our code on the subject of guardian and ward which undertakes to give to the probate court jurisdiction to determine contests between alleged debtors and creditors such as the one involved in this appeal. Indeed, there is no provision at all for the presentation of a claim to a guardian, as there is in the case of an administrator; and if any of the proceedings in the administration of estates of deceased persons could be held to apply, by reference or analogy, then the matter would be determined by the clause which provides that, upon the rejection of a claim by an administrator, "the holder must bring suit in the proper court," within a stated time. It is hardly necessary to cite authorities to the point that a probate court has no jurisdiction to determine controversies between the estate in hand and adverse claimants where there is no provision of law conferring such jurisdiction; but the principle is declared in the following cases: *Theller* v. *Such,* 57 Cal. 459; *Barnard* v. *Wilson,* 74 Cal. 512, 517; *Bath* v. *Valdez,* 70 Cal. 360, 361; *In re Burton,* 93 Cal. 464; *Chever* v. *Ching Hong Poy,* 82 Cal. 68; *Smith* v. *Westerfield,* 88 Cal. 374.

There is nothing in the point that the guardian had no right to appeal, and the motion to dismiss the appeal is denied. The rule that an administrator, after he has performed his duties

of preserving and settling the estate, has no interest in the final distribution, and cannot take the part of one distributee against another, has no application here. It was the duty of the appellant to protect the estate of his ward against what he considered an unjust or illegal claim. Indeed, the order appealed from is directly against the appellant, the order being as follows: " Wherefore it is ordered and adjudged that the said John Breslin, guardian of the estate of William Breslin, an insane person, forthwith pay to the Napa State Hospital, for the care and treatment of said William Breslin, an insane person, the sum of $2,475, and take the receipt of said John F. Carrere, as secretary of the state commission in lunacy, therefor.''

The order appealed from is reversed.

Temple, J., and Henshaw, J., concurred.