FRANK L. McCOY ET AL. V. HESTER OLIVE LANE ET AL.

FILED DECEMBER 17, 1902.    No. 12,176.

Commissioner's opinion, Department No. 3.

1. **Guardian: WARD: PRESERVATION OF ESTATE: SERVICES: AUTHORITY OF GUARDIAN.** A guardian has authority to bind the estate of the ward by a contract for services reasonably necessary to the preservation or management of such estate.

2. **Guardian and Ward: NECESSARY PARTY TO ACTION.** Where such contract provides that payment for such services shall be made out of the estate of the ward, the fact that the guardian signs it in her individual as well as in her representative capacity, does not make her a necessary party, in the former capacity, to an action thereon, where it appears from the contract as a whole that it was not intended to bind the guardian personally.

3. ——: **CLAIM: COUNTY COURT: JURISDICTION.** A claim for services rendered in pursuance of such contract, is within the probate jurisdiction of the county court granting the letters of guardianship, and may be enforced in such court as a claim against the estate of the ward.

4. **County Court: LETTERS: JURISDICTION: SUMMONS.** Where such court acquires jurisdiction to issue the letters of guardianship, and appoints the guardian,—the ward residing within the county,—it acquires jurisdiction of the parties for all the purposes of such matter, and no summons is required to obtain jurisdiction of the parties for the adjudication of claims duly filed against the estate.

* The foregoing opinion was filed after the reassignment of the commissioners.

5. Compensation: MEASURE: JURISDICTION. That the compensation provided in the contract is to be measured by the value of the real estate of the ward, and that such claim, if allowed, must be paid out of the real estate for want of personal property belonging to the estate, does not make such proceedings an action concerning real property, nor deprive the county court, as a court of probate, of jurisdiction.

6. Contract: SUBMISSION TO COURT: ALLEGATION OF REASONABLENESS. Where it appears that such contract, before it was acted upon, was submitted to the county court, and was ratified and approved by it, in the petition for the allowance of a claim for the amount due on such contract, addressed to the same court, or to the district court on appeal from such court, it is not necessary to allege that the compensation specified in the contract is reasonable.

ERROR from the district court for Douglas county. Action in the nature of *indebitatus assumpsit* for services as attorneys at law. Tried below before BAXTER, J. Verdict for defendants. Judgment on verdict. *Reversed.*

*Frank L. McCoy* and *Robert H. Olmsted,* for plaintiffs in error.

*Bernard N. Robertson, contra.*

ALBERT, C.

On the 27th day of September, 1893, the defendant Mary W. Hay was appointed guardian of her codefendants by the county court of Douglas county, where the wards resided. It appears that the only property of the wards at that time was certain real estate in the city of Omaha, which was subject to five apparent liens, aggregating some $3,500, exclusive of interest. Afterward, an action was brought by the holder of one of such liens for its foreclosure, in which the defendant Mary W. Hay, as guardian of the other defendants herein, her wards, and the other lien-holders, were made parties defendant. In that action the defendant lien-holders filed cross-petitions, setting up their respective liens and asking a foreclosure thereof. After the commencement of that action the defendant

guardian, in her own name, as well as in her representative capacity, and in the name of her wards, entered into a written contract with the plaintiffs in the present action, who are practicing attorneys, to appear in the foreclosure proceedings in behalf of her wards and to protect their interests therein. It was further agreed that in case the plaintiffs were successful in the defense of the foreclosure proceedings, and defeating the liens involved therein, they should be paid out of the estate of the wards an amount of money equal to one-half of the whole amount that would have been due on the five liens if valid, and in case the five liens were only partially defeated, then the plaintiffs should receive as their compensation in that behalf an amount equal to one-half of the amount deducted from said claims by the finding and decree of the court. On the 21st day of November, 1896, thereafter, the guardian defendant, as such, presented a petition to the county court of Douglas county, to which was attached a copy of the contract just mentioned, asking the county court to approve and ratify the same. A day was fixed for the hearing of the petition, and after a hearing thereon, the contract was ratified and approved by the county court. In pursuance of that contract, the plaintiffs in this case appeared for the wards in the foreclosure proceedings, and, after some protracted litigation, the liens were adjudged invalid, and the property of the wards freed from all incumbrances by reason thereof. The defendant guardian then refused to pay the fee specified in the contract, whereupon the plaintiffs filed a claim in the county court against the estate of the wards, for the fee specified in the contract, setting up the facts hereinbefore stated. Notice of the hearing of the claim, was given to the guardian and her wards. A demurrer was interposed to the claim, and was sustained on the ground that the facts stated were not sufficient to constitute a cause of action. The plaintiffs then carried the case to the district court on appeal, where they filed a petition which was substantially in the language of the claim filed in the county court. To the petition in the

district court, a demurrer was interposed on the following grounds:

"1. The probate court of Douglas county, from which this action was appealed, had no jurisdiction of the subject-matter involved herein, and therefore this court has acquired no jurisdiction over it.

"2. The probate court of Douglas county had no jurisdiction of the parties defendant herein, and therefore this court has acquired no jurisdiction over them.

"3. There is a defect of parties defendant in that the alleged contract upon which the said McCoy & Olmsted seek to recover was signed by Hester O. Lane and Ellen Lane, minors, and by Mary W. Hay, as guardian of Hester O. Lane and Ellen Lane, and by Mary W. Hay individually, and no service has been made upon Mary W. Hay individually and she has made no appearance herein and is not before the court.

"4. The said amended petition does not state facts sufficient to constitute a cause of action in favor of the said McCoy & Olmsted and against the parties defendant herein."

The demurrer was sustained, and the plaintiffs bring the record here for review by petition in error.

The arguments in this case are based on the facts hereinbefore stated. The petition and the contract therein set out are of unusual length. For these reasons, although the questions presented were raised by demurrer, we have omitted to copy the pleading assailed in this opinion. It will also make for brevity and clearness to disregard the order in which the grounds of the demurrer are stated. Therefore, we shall first proceed to consider the third ground, namely, that there is a defect of parties.

In this behalf it is urged that the contract in question is the joint contract of Mary W. Hay, personally as well as in her representative capacity, and that it is only in her representative capacity that she is a party to this action. It is true that the contract runs in the name of the guardian personally and in her representative capacity, but

it should be construed as a whole. By the express terms of the contract, the plaintiffs were to be paid out of the estate of the wards. The language of the contract, taken as a whole, precludes the idea that there was any intention on either side to create a personal liability against the guardian. That being true, the contract, if enforceable at all, is enforceable only against the estate of the wards, and the guardian, personally, is not a necessary party to proceedings brought to enforce it.

The main contention of the defendants in this case is that a guardian has no power to bind either the person or the estate of his ward by contract, and, although the contract expressly purports to bind the ward or his estate, the guardian alone is primarily liable thereon. Such is the rule laid down in 1 Parsons, Contracts [6th ed.], 136. In support of the text the learned author cites *Thacher v. Dinsmore*,* 5 Mass., 300; *Jones v. Brewer*, 1 Pick. [Mass.], 313; *Forster v. Fuller*,† 6 Mass., 58,—which appear to sustain it. The doctrine appears to be recognized in other cases, among which are the following: *Kingsbury v. Powers*, 20 N. E. Rep. [Ill.], 3; *Stoehr's Estate*, 23 N. Y. Supp., 280; *Tobin v. Addison*, 2 Strob. [S. Car.], 3; *Pike v. Thomas*, 62 Ark., 223, 54 Am. St. Rep., 292; *Hunt v. Maldonado*, 27 Pac. Rep. [Cal.], 56; *Fessenden v. Jones*,‡ 75 Am. Dec. [N. Car.], 445.

Notwithstanding the array of respectable authorities just cited, the doctrine does not commend itself to us, nor do we believe it to be compatible with our constitutional and statutory provisions touching the relation of guardian and ward. Section 16, article 6, of the constitution, gives the county court original jurisdiction in all probate matters, the appointment of guardians and the settlement of their accounts. Such jurisdiction is exclusive. *Williams v. Miles*, 63 Nebr., 851. Within the constitutional limits of its jurisdiction, the county court may exercise all the powers of a court of chancery. *Williams v. Miles, supra.* Chapter 34, Compiled Statutes, provides for the appoint-

* 4 Am. Dec., 61.          † 4 Am. Dec., 87.          ‡ 7 Jones's Law Rep., 14.

ment of guardians, and defines their powers and duties. Section 8* of that chapter charges the guardian with the care and management of the estate of his ward; section 9† requires him to manage such estate for the best interest of his ward; section 22‡ makes it his duty to pay the debts of his ward out of the personal estate and the income of the real estate, if sufficient, and if not sufficient, then out of the real estate, upon obtaining a license for the sale thereof from the district court; section 23§ imposes upon the guardian the duty of bringing actions for his ward, and of appearing for and representing him in all cases brought against him, unless another person be appointed for that purpose. The discharge of the duties above enumerated not infrequently requires the services of a third person. That, under such circumstances, the guardian may contract for such services, necessarily follows from the fact that such services are necessary for the proper discharge of his duties as guardian. *Taylor v. Bemiss,* 110 U. S., 42. In the event of such contract and its performance by the third party, a liability must arise in favor of such third party against some person or some thing. That the estate of the ward is ultimately liable for the reasonable expenses incurred in the discharge of such duties is clear, because it is conceded that the guardian may indemnify himself, in a proper case, out of the estate of his ward. The only question then is whether a third party employed by the guardian, as such, to render services reasonably necessary in the discharge of the duties of such guardian, must look to the guardian alone, who in turn may indemnify himself out of the estate, or whether he may proceed directly against the estate. It seems to us that there is no good reason why the county court, clothed with chancery powers, having jurisdiction of the parties and of the estate, —the ultimate source of payment,—should send the guardian and the third party to a court of law to litigate a question in which the wards before the county court are

---

\* Cobbey's Annotated Statutes, sec. 5378.   ‡ Ibid, sec. 5392.
† Ibid, sec. 5379.                 § Ibid, sec. 5393.

also interested, for a judgment that would bind only the parties to it. Should the guardian pay said judgment, the questions involved therein would still be open in his settlement with the wards; should he refuse to pay it, and be without property to satisfy it, the third party would either be without remedy, or would be forced to resort to the county court, or some other court exercising chancery powers, to enforce the judgment against the estate. There would seem to be no good reason for this circuity of action. To proceed directly, by filing a claim against the estate in the county court, as was done in this case, seems to us to be more in harmony with our system of procedure, and to be better calculated to do justice to all parties. Such proceeding is sanctioned by the supreme court of Pennsylvania. *Price's Appeal,* 116 Pa. St., 410. That case, like the present, was based on a contract between attorneys and the guardian for services on behalf of the estate. A claim for the amount due thereunder was filed by the attorneys in the orphans' court, as a claim against the estate of the wards. In that case, as in the present, it was contended that the claim was not probate matter, and the court, therefore, was without jurisdiction, and that the remedy was by an action at law against the guardian. The court, in the course of the opinion, says:

"This is a claim against the guardian founded upon what appears to be a perfectly legitimate contract with the guardian himself, and relating entirely to the estate of the ward. It is not only the right but the plain duty of guardians to seek for and recover the property of their wards, when held adversely, and to employ counsel for that purpose when necessary. And in our opinion, it can not be questioned that the estate of the ward is liable to make compensation for such service. It is equally clear that the guardian should not be held to a mere personal individual liability in such circumstances, and that the counsel should not be limited to the personal liability of the guardian in recovering their just compensation. That liability may be of no value whatever; but even if it

were, it can not be considered as in any manner legally or equitably pledged for the service in question. It follows that if the claim in question is a proper one it is payable out of the ward's estate. That estate is subject to the control of the orphans' court and upon the settlement of the account of the guardian with whom the contract was made, and who has part of the ward's estate in his hands, the orphans' court having also control of the account, the claim in question can be most fully, thoroughly and conveniently heard and determined by that court.

"It is admitted that if the guardian had paid for the services and claimed credit for the payment of them in. his account, the orphans' court would have had jurisdiction to determine the claim. It can not be that the jurisdiction of the court depends upon the giving or withholding consent to the payment by the guardian. We are aware of no legal reason for holding that the orphans' court does not have jurisdiction to consider and determine claims against the estates of minors under their control. On the contrary, it seems to us that court is eminently the proper one for such purposes. Certainly, claims for necessaries furnished to the guardian for the support of the wards are valid claims against the estate of the ward in the hands of the guardian, and the right to recover them from that estate can not depend upon whether the guardian consents or refuses to pay them. It is no answer to say there is a right of common-law action against the guardian individually, or the minor individually, to recover such claims. If there is a right of recovery against the estate of the ward it ought to be, and in our judgment it is, perfectly competent to pursue it in the court which has control over the person and estate of the minor, and the person and accounts of the guardian."

The foregoing language meets our entire approval. It is peculiarly applicable, because the language of the statute conferring jurisdiction on the orphans' court in matters of guardianship, is substantially the same as that of our constitution conferring jurisdiction on the county

court in such matters. Among other cases recognizing the doctrine are the following: *Crim v. England*,\* 46 W. Va., 480; *Rooker v. Rooker*, 60 Ind., 550; *Miller v. Hart*, 135 Ind., 201; *Kelly v. Kelly*, 72 Minn., 19, 74 N. W. Rep., 899.

In our opinion, the guardian in the present case had authority to bind the estate of her wards by contract for the payment of the services in question, and the county court has jurisdiction to allow the amount due thereon, as a claim against the estate.

It is also insisted that the contract of the guardian, in any event, can not be enforced against the estate unless reasonable, and that as there is no allegation in the petition to the effect that the contract in question is reasonable, it is therefore vulnerable to a demurrer. The question of the reasonableness of the contract was presented to the county court when the contract was submitted for its approval. This practice was not unusual in courts of chancery exercising jurisdiction in matters of guardianship. Cooley, Blackstone's Commentaries, Book 1, p. 462. The practice is reasonable, and we can see no good reason why the county courts, as successors to courts of chancery in such matters, may not adopt it. The claimants, in a petition for services rendered under such contract, addressed to the court which approved it, or to the appellate court, should not be required to ask a review of that question. We do not wish to be understood to hold that the approval of the contract by the county court precludes all inquiry into its reasonableness in this case. The extent to which we commit ourselves on that question is that the plaintiffs, under the circumstances, are not required to tender an issue on that point.

The defendants also contend that the relief sought in this case is, in effect, to establish a lien on real estate. The contract was not for any share of the real estate. The value of the real estate was adopted as a standard for determining the limit of the fee to be received by the plain-

\* 76 Am. St. Rep., 826.

tiffs. The mere fact that the only estate of the wards is real estate, and that, if the claim be allowed, it must be satisfied out of the proceeds of a sale of said real estate, does not make this an action to establish a lien on real estate, nor an action concerning real estate, so as to deprive the county court of jurisdiction.

It is urged by the defendants that the court has no jurisdiction over them, for the reason that they were not served with summons. This case came to the district court on appeal, from an order of the county court in a matter of probate. When the jurisdiction of the county court attached in the matter of the guardianship of the wards, they being residents of the county, it attached for all the purposes of such matter, and the county court had authority to issue a citation for their attendance when required, as was done in this case, and to enforce such attendance if necessary.

It is recommended that the judgment of the district court be reversed, and the cause remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.