### EVANS et al. v. HARRIS.

No. 7348—Opinion Filed June 6, 1916.

Rehearing Denied July 11, 1916.

(158 Pac. 898.)

#### Judgment—Judgments Conclusive—Jurisdiction of County Court.

The county court has power to determine the amount due an attorney for services to a minor, where guardianship proceeding is pending in such court, and an order, upon the attorney's petition filed in such guardianship proceeding, asking the allowance and payment of such fees, is res judicata as to a subsequent suit against the guardian as such to recover the same fees for the same service.

(Syllabus by Burford, C.)

Error from County Court, Wagoner County; J. C. Pinson, Judge.

Action by A. L. Harris against A. F. Evans, guardian of Bennie Durant, a minor, and Bennie Durant, to recover an attorney's fee. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

W. T. & A. C. Hunt, for plaintiffs in error.

H. M. Brown, for defendant in error.

Opinion by BURFORD, C. This was an action originally instituted in a justice court, and later tried de novo in the county court of Wagoner county, to recover an attorney's fee for services rendered by A. L. Harris to the guardian of Bennie Durant, a minor. It appears from the record that the guardian had asked for and obtained an order from the county court, authorizing and directing him to employ counsel to bring certain actions relating to property of the minor. Pursuant to such authority A. L. Harris, the defendant in error, was employed to render the services. Thereafter he filed a petition in the guardianship case of Bennie Durant, a minor, pending in the county court of Wagoner county, asking for an allowance of $150 as attorney's fees, and that the guardian be authorized and directed to pay him said amount. Objections thereto were made by the guardian, and a hearing had, and upon the hearing the county judge found that $100 was a reasonable fee to be allowed. Thereupon the petitioner said that he would not accept that amount, and suggested that the petition be denied. An order was thereupon entered, denying his petition, which became final. Thereafter he instituted this action in the justice court to recover from the same parties the same amount for the same services. The defendant in the court below pleaded the former order of the county court, denying the plaintiff's petition, and set up the plea of res judicata. A number of questions are raised in the brief, but the plea above set out controls the final determination of the case.

It is argued by the defendant in error that the county court of Wagoner county was without jurisdiction to enter an order upon his petition, and that therefore that order was void and of no effect, and could not be a bar to a subsequent proceeding. The reasons advanced for this position are that there is nothing in the statute authorizing the consideration by the county court of claims against the estate of a minor, and that if the proceedings relating to the administration of estates of deceased persons be applied by analogy, the injection of a claim against an estate is but a preliminary to the right to bring a suit in a court of competent jurisdiction to establish such claim. There is wide conflict in the authorities construing statutes which contain no broader provisions than our own. It has been held that a court exer-

cising probate jurisdiction is entirely without power, in the absence of direct statutory authority, to determine the disposition of claims against the estate of a minor. See Swift et al. v. Swift, 40 Cal. 456; In re Breslin's Estate, 135 Cal. 21, 66 Pac. 962; Harter v. Miller, 67 Kan. 468, 73 Pac. 74; George & Ratcliff v. Dawson, Guardian, 18 Mo. 408; Ross' Probate Law & Pr. 980; Woerner on Law of Guardianship, pp. 195, 342; McNabb v. Clipp, 5 Ind. App. 204, 31 N. E. 858.

On the other hand, the power to pass upon the right to attorney's fees and the like is declared to be vested in courts of probate under general statutory authority no broader than our own. Kelly v. Kelly, 72 Minn. 19, 74 N. W. 899; McCoy v. Lane, 66 Neb. 847, 92 N. W. 1010; In re Price's Appeal, 116 Pa. 410, 9 Atl. 856, and cases cited. If the question depended upon the statute alone, the California cases coming from the state from which our probate code was adopted, would be highly persuasive, if not controlling authority. In our judgment, however, the provisions of our Constitution have entirely eliminated the effect of these cases. Section 13, art. 7, of the Constitution, provides in part as follows:

"The county court shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards; grant letters testamentary and of administration, settle accounts of executors, administrators, and guardians; transact all business appertaining to the estates of deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the sale, settlement, partition and distribution of the estates thereof."

The language of this section could hardly be broader. Certainly the settlement of the amount of these attorney's fees was "business appertaining to the estate" of this minor. Being such, the county court had jurisdiction to determine the questions arising regarding it.

It has been recently held by this court (Hathaway v. Hoffman, 53 Okla. 74, 153 Pac. 184) that, so far as the jurisdiction in probate is concerned, the county courts in this state are courts of general jurisdiction.

There having been no questions raised, either in that hearing or now, in regard to the method of determination of the plaintiff's rights by the county court, it must be held that the order by the county judge denying the application involving, as it did, the question of the right of payment for the same services to the same person, and in the same amount as asserted in the instant case, was res adjudicata as to the questions raised herein.

The judgment of the county court of Wagoner county is therefore reversed, with directions to enter judgment for the defendants.

By the Court: It is so ordered.