### HARLOW et al. v. COOK.

No. 15727—Opinion Filed Sept. 29, 1925.

1. **Judgment—Res Judicata—Order Rejecting Claim of Guardian on Ex Parte Hearing.**

An order made by the county court, rejecting a claim on the petition of a guardian, asking the court to approve and direct the payment of same, at an ex parte hearing is not a final order and is not such an adjudication as will authorize the plea of res judicata against the claimant in a suit to recover on said claim.

2. **Evidence—Parol Evidence of Verbal Assignment of Account.**

It is not error to admit oral testimony to prove the sale or assignment of an account, where the plaintiff pleads a verbal assignment, which defendant denies only by general denial, when there is no conclusive proof that the assignment was in writing.

3. **Trial—Sufficiency of Instruction on Burden of Proof.**

A general instruction casting the burden of proof upon the plaintiff to establish all of the material allegations of his petition by a preponderance of the evidence, is sufficient, in the absence of a special request, presented to the court specifically placing the burden on the plaintiff, as to the particular issue complained of.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by H. G. Cook against John Harlow and W. E. Browning, guardian of John Harlow. Judgment for plaintiff, and defendants bring error. Affirmed.

Grinstead, Scott, Hamilton & Gross, for plaintiffs in error.

Blount C. Trice, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Osage county, Okla., by the defendant in error, as plaintiff, against the plaintiffs in error, as defendants, to recover the sum of $277, together with interest. The plaintiff, H. G. Cook, alleges in his petition that the Texas Nursery Company sold to John Harlow a bill of fruit trees, vines, and berries, which together with the cost of delivery, amounted to the sum sued for; and further alleges that said bill was verbally sold and assigned to the plaintiff herein, H. G. Cook, who is now the owner of said account. The record discloses that the defendant John Harlow, subsequent to the sale of the bill, was declared to be incompetent by the county court of Osage county, and W. E. Browning, one of the defendants, was appointed guardian of said Harlow, and the said Browning, as guardian of said Harlow, filed an answer in response to plaintiff's petition in the nature of a general denial, and further pleading, admitted the appointment of the said W. E. Browning, as guardian of the person and estate of the said Harlow, and that the said guardian had heretofore duly presented said claim herein sued upon by petition to the county court of Osage county, Okla., and that the plaintiff's assignor was present and had a full and ample opportunity to be heard, and that after a full and complete hearing, it was adjudged by said court that said claim was not a proper charge against the assets of John Harlow, and therefore the claim was rejected; and defendant further pleads and now contends that said order of rejection was a final order from which no appeal was taken, and that plaintiff is now barred and estopped from prosecuting said cause of action. And further answering avers that the fruit trees sold to the defendant Harlow, by the Texas Company, were, when delivered, dead and absolutely worthless, and that defendants should not be required to pay for same at this time, to which answer the plaintiff filed his reply generally, denying all of the material averments of the answer of defendants.

Upon the trial of the case to the court and jury, a verdict was rendered in favor of the plaintiff for the amount sued for, motion for new trial was duly filed and overruled, and judgment rendered in accord with the verdict of the jury, from which order and judgment of the court the appellant prosecutes this appeal. Various specifica

nons of error are assigned, but appellant in his brief only alleges three propositions: First, that the action of the county court in rejecting the claim sued upon was a complete adjudication thereof, and a complete bar to the plaintiff's suit, and in support of this contention, calls attention to section 13, art. 7 of the Constitution, which gives to the county court the general jurisdiction of the probate court, and jurisdiction over the appointment of guardians of minors, incompetents, etc., and to "transact all business appertaining to the estate of deceased persons, minors, idiots, lunatics, persons non compos mentis," etc., and contends that under this provision of the Constitution the county court had jurisdiction to determine the rights of the parties by reason of the petition filed by the guardian, asking for the court's approval of this claim, together with some 30 or 40 other claims, which had been filed with the guardian, against his ward, Harlow.

Our attention is also called to the case of Evans v. Harris, 60 Okla. 27, 158 Pac. 898, but we do not regard this authority as controlling in the instant case, because in the Evans Case, the county court was dealing with an application of an attorney, who was asking that a certain amount be allowed him as a fee for services rendered to the guardian. This petition, we think, was sufficient to invoke the jurisdiction of the court, and the attorney, having filed his petition and submitted himself to the jurisdiction of the county court, was bound by the judgment of the court in this particular, and having taken no appeal, the judgment became final, and this court, we think, properly held that it was res judicata and a bar to the further prosecution of the claim in another court.

The cases of McFarland v. Barker, 80 Okla. 274, 196 Pac. 131, and Cotner v. Lon Jacobs Grocery Co., 84 Okla. 1, 202 Pac. 997, cited by appellant, are similar to the Evans-Harris Case, and in our judgment have no application to the facts in this case. In this case, the petition or application was filed by the guardian, W. E. Browning, asking the direction of the court as to the payment of various claims against John Harlow, his ward. There is no specific authority of law for filing such a petition or application, but it has become a practice or custom common in this state to which there is no objection, but we do not understand it to be such an adjudication as will be binding upon strangers and third parties.

Section 6583, Comp. Stat. 1921, gives the county court control of all guardians, and section 1443, Id., requires that the guardian make reports at such times as directed by the court of his management and conduct of the estate of his ward; and section 1457, Id., gives the guardian charge and control of the estate of his ward, and section 1453, Id., authorizes the guardian, in fact makes it one of his duties, to pay all just debts of his ward, and under these various provisions, we think that the guardian, after being duly qualified, has a perfect right, and in fact it is his duty, to make payment of all just debts, and in view of the fact that the guardian is required to report to the court his doings and proceedings, it has become a custom for guardians to file applications in matters where they are required to pay out money, securing the approval and direction of the court before disbursing any funds in their hands belonging to the ward, which is a precaution on the part of the guardian, and we think a commendable practice, and the order of the court in such matters, we think, is binding and protects the guardian in payment of monies under such orders in the absence of fraud, but an order rejecting a claim is not such an order as constitutes an adjudication unless the jurisdiction of the court has been properly invoked by the claimant, and that element is lacking in the instant case. It is true that the record discloses that the Texas Company was notified by letter of the filing of the claim in the county court, and some proof of the fact that some representative of the Texas Company was present as a witness in the case, but the journal entry of judgment rendered by the county court at the time the claim was rejected recites that the hearing was upon the application of W. E. Browning, guardian of John Harlow, and that on the date of hearing, the guardian appeared in person, and by his attorney, and the said John Harlow appearing in person, the court proceeded with said hearing, etc. The judgment contains no recitation showing that this plaintiff, H. G. Cook, or his assignor, the Texas Company, was present either in person or by attorney, and we think it is evident from the record that the application of the guardian, W. E. Browning, and the hearing thereon, was an ex parte proceeding and wholly for the benefit of the guardian, and does not constitute an adjudication of the claim herein sued on.

The next proposition urged is that the court erred in admitting the testimony with reference to the assignment of the account. The plaintiff alleges in his petition that he was the holder and owner of the account

by reason of a verbal assignment. Upon the' trial of the case he testified that he had been given a written assignment of a bunch of claims, and the claim herein sued upon was in the bunch, and he seemed somewhat in doubt as to whether it was included in the written assignment or not, and said that he did not have the written assignment and did not know where it was. This evidence was not of the most satisfactory nature to establish the loss of a written instrument; however, in view of the fact that he alleges in his petition that the assignment of this particular claim was verbal, and this particular issue not being specifically raised by the pleadings, we are inclined to the opinion that no reversible error was committed by reason of the admission of the testimony complained of.

Appellant next complains that the court committed error in not instructing the jury that it was necessary for the plaintiff to establish by a preponderance of the evidence that the account sued upon had been sold to the plaintiff by the Texas Nursery Company, but from an examination of the instructions given, we find the following language contained in the same:

"Plaintiff further alleges that for a verbal consideration the Texas Nursery Company has assigned this account, and that he is now the owner and holder of said account. The burden of proof is upon the plaintiff to establish to your satisfaction, by the fair weight and preponderance of the evidence, the material allegations contained in the petition."

We think, taking the instruction as a whole, that the point raised is covered by the instruction, and in the absence of any requested instruction in this particular, we hold that the instruction given was sufficient, and that the appellant cannot be heard to complain because of the fact that the jury was not instructed specifically that the burden of proof was upon the plaintiff to establish the fact that the claim had been sold by the plaintiff to the Texas Company. Finding no reversible error, we therefore find that the case should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 770, § 1186. (2) 22 C. J. p. 977, § 1223. (3) 38 Cyc. p. 1750.