## MITCHELL v. UNITED STATES FIDELITY & GUARANTY CO.

No. 23794. Jan. 29, 1935.

Rehearing Denied March 5, 1935.

Application for Leave to File Second Petition for Rehearing Denied April 9, 1935.

H. P. White, for plaintiff in error.

Humphrey & Spence, for defendant in error.

RILEY, J. The alleged facts proffered for a basis for this action were that in the year 1927, the county court of Osage county, in a guardianship cause there pending, ordered the guardian, Leahy, since deceased, to pay plaintiff, out of assets of the estate of his ward, the amount due on a promissory note executed by the ward prior to his adjudicated incompetency and assigned by payee to plaintiff, Mitchell, shortly subsequent to a similar order of the same county court made and entered in the year 1924, which directed the then guardian to pay said note. It was alleged that the guardian,

Leahy, paid plaintiff only two small payments on the note, and that he failed to pay plaintiff in full from specific assets of the estate as ordered by the county court.

The theory of law relied on by plaintiff is that the provisions of section 1458, C. O. S. 1921 (sec. 1452, O. S. 1931), imposed the duty on the guardian to "pay all just debts due from the ward out of his * * * estate. * * *" That the guardian refused to perform this duty, wherefore the conditions of the bond were breached and the surety is liable to the creditor of the estate.

The decision, In re Edwards, 132 Okla. 1, 269 P. 246, is authority for payment of such a claim out of assets of the estate, by a new guardian. That decision is not decisive of the controversy here.

Assuming without deciding that this creditor, being a person interested in the estate as a proper party plaintiff, may maintain this action in the district court against the surety on the guardian's bond (American Surety Co. of N. Y. v. Steen, 86 Okla. 252, 208 P. 212; 9 C. J. 86; sections 1436, 1438, 1448, O. S. 1931; Aetna Acc. & Liab. Co. v. Langley, 68 Okla. 283, 174 P. 1046; Donnell et al. v. Dausby et al., 58 Okla. 165, 159 P. 317; Southern Surety Co. v. Hatch, 81 Okla. 36, 196 P. 542), yet there is no allegation that the deceased guardian wrongfully or irregularly paid out assets of the estate. There is no allegation that assets of the estate were dissipated. There is no allegation that plaintiff's claim cannot now be paid out of assets of the estate. Simple justice requires that the estate rather than the surety on the guardian's bond be required to pay just claims against the estate.

Traditionally there are two bad paymasters, one who pays too soon and one who does not pay at all. With guardians of other people's money, the trouble is usually with the first class—there is remedy by coercion (as shown by the case first above cited) for the latter class.

Judgment affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.